UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ULLA CHRISTINE FREDRIKSSON, <br> MARJATTA PEURALA and <br> ANITTI OLAVI PEURALA, <br>     Plaintiffs, | : <br> : <br> : <br> : <br> : | |
| v. | : | 3:08-cv-450 (WWE) |
| SIKORSKY AIRCRAFT CORP., INC.; <br> HELICOPTER SUPPORT, INC.; <br> HR TEXTRON, INC.; and PLASMA <br> TECHNOLOGIES, INC., <br>     Defendants. | : <br> : <br> : <br> : <br> : | |

------------------------------------------------------X

| | | |
|---|---|---|
| PIRKKO ONVERVA KOPPERI and <br> MARIKA KOPPERI-GRONLUND, <br>     Plaintiffs, | : <br> : <br> : <br> : | |
| v. | : | 3:08-cv-451 (WWE) |
| SIKORSKY AIRCRAFT CORP., INC.; <br> HELICOPTER SUPPORT, INC.; <br> HR TEXTRON, INC.; and PLASMA <br> TECHNOLOGIES, INC., <br>     Defendants. | : <br> : <br> : <br> : <br> : | |

------------------------------------------------------X

| | | |
|---|---|---|
| PIRKKO ONVERVA KOPPERI, <br> individually and as administrator and <br> personal representative of the Estate <br> of Onni Matti Kopperi and <br> MARIKA KOPPERI-GRONLUND, <br>     Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : | |
| v. | : | 3:08-cv-1215 (WWE) |
| SIKORSKY AIRCRAFT <br> CORPORATION, INC.; HELICOPTER <br> SUPPORT, INC.; HR TEXTRON, INC., <br> a wholly owned subsidiary of Textron <br> Inc.; and PLASMA TECH, INC., <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : | |

## RULING ON PARTIES' LETTER REQUEST FOR ENTRY OF JUDGMENT

Defendants in these three related actions have filed a letter request, with the consent of all parties, that the Court correct the judgments entered in these cases. The Court previously dismissed these three actions on the grounds of forum non conveniens. The Court then properly entered judgment in case no. 3:08-cv-451. The Court also entered judgment in case no. 3:08-cv-450. This judgment, however, should have been entered in case no. 3:08-cv-1215, as evidenced by its reference to a stipulation that had been entered in the 1215 case. No judgment was entered in the 1215 case. Since that time, plaintiffs filed notices of appeal in all three cases, and the appeals are pending. The parties now ask the Court to correct the judgments previously entered.

The filing of a notice of appeal divests this Court of jurisdiction to correct a clerical mistake or a mistake arising from an oversight found in a judgment unless permission is obtained from the Court of Appeals. Fed. R. Civ. P. 60(a). Because the parties have not indicated that such permission has been received, the Court is unable to correct the judgments. Therefore, the Court will deny the parties' relief without prejudice to refiling their request once they obtain permission from the Court of Appeals.[1]

---

[1] The Court of Appeals has previously given its permission nunc pro tunc where the district court has corrected a judgment or order without first having received permission to do so. See Thomas v. iStar Fin., Inc., 2010 U.S. App. LEXIS 25717, *10-11 (2d Cir. Dec. 17, 2010); Cooper v. Coregis Ins. Org., 1997 U.S. App. LEXIS 26244, *8 (2d Cir. Sept. 23, 1997). This course of action does not seem to be preferred, and the Court will not take it here.

For the foregoing reasons, the Court denies the parties' request (Case No. 08-cv-451, Doc. #192; Case No. 08-cv-1215, Doc. #40) without prejudice.

Dated at Bridgeport, Connecticut, this 21st day of December, 2010.

/s/
Warren W. Eginton
Senior United States District Judge